## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**E.V. (Pseudonym),**

          **Plaintiff,**

    **v.**

**EUGENE H. ROBINSON, JR. ,**
**Lieutenant Colonel, U.S. Marine Corps**
**(In His Capacity as Military Judge)**
**Navy-Marine Corps Trial Judiciary**
**Western Pacific Judicial Circuit**
**Okinawa, Japan, FPO AP 96367**

**and**

**DAVID A. MARTINEZ**
**Sergeant, U.S. Marine Corps**
**(As Indispensable Party)**
**Okinawa, Japan, FPO AP 96367**

          **Defendant.**

**Case: 1:16−cv−01419**
**Assigned To : Bates, John D.**
**Assign. Date : 7/8/2016**
**Description: General Civil  (E Deck)**

## COMPLAINT

### INTRODUCTION

1.  This is an action for temporary and permanent injunctive relief to prevent the imminent disclosure in court-martial proceedings of Plaintiff E.V.'s ("E.V." is a pseudonym for the Plaintiff whose name is included on the copy of the Complaint filed under seal) privileged communications with her psychotherapist.  Disclosure has been ordered by Defendant Lieutenant Colonel E.H. Robinson, U.S. Marine Corps, the military judge presiding over the court-martial proceeding.

2.  Under Military Rule of Evidence ("Mil. R. Evid.") 513, Plaintiff E.V. has the privilege to refuse to disclose and to prevent any other person from disclosing her confidential communications with her psychotherapist.

3.   Plaintiff E.V. has sought relief from the military courts, through and including the United States Court of Appeals for the Armed Forces ("CAAF"), which determined that it lacked jurisdiction over her claims.

4.   Plaintiff now has no option but to seek relief in an Article III Court.

## PARTIES

5.   Plaintiff E.V. is the victim of a sexual assault committed by defendant Sergeant David A. Martinez, United States Marine Corps (the "Accused") (the Accused is named as a defendant only because he is an indispensable party) on January 1, 2015 on Kadena Air Force Base in Okinawa, Japan ("Kadena").

6.   Defendant Robinson is the military judge designated to preside over the court-martial of the Accused.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction under 28 U.S.C. § 1331 and the mandamus provisions of 28 U.S.C. § 1361.  See *Center for Constitutional Rights v. Lind,* 954 F. Supp. 2d 389 (D.C. Md. 2013).

8.   This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(e) because Defendants Robinson and Martinez reside in Okinawa, Japan, and are not domiciled within any judicial district, Defendant Robinson is an officer of the United States Marine Corps and was acting in his official capacity as a military judge within the Department of Defense, the CAAF is located in Washington, D.C., and a substantial part of the omissions giving rise to the claim occurred within Washington, D.C.

## MILITARY RULE OF EVIDENCE 513

9.  Mil. R. Evid. 513, Psychotherapist-Patient Privilege, is quoted in relevant part in Appendix A.

10. National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113-291, 128 Stat. 3292, 3369 (2014) (hereinafter "NDAA 2015") required the President to modify Mil. R. Evid. 513 in order (a) to eliminate the "constitutionally required" exception under Mil. R. Evid. 513(d); (b) to require a party seeking production or admission of privileged records to make a factual showing; (c) to authorize a military judge to conduct an *in camera* review only under certain conditions; and (d) to require that any production or disclosure be narrowly tailored to only the specific portions of the privileged records that meet one of the enumerated exceptions and are included in the stated purpose for which the records were sought.

11. On June 22, 2015, the President signed Executive Order 13696, 2015 Amendments to the Manual for Courts-Martial.  Executive Order 13696 modified Mil. R. Evid. 513 in accordance with the requirements of the NDAA 2015.

12. Prior to NDAA 2015 and Executive Order 13696, Mil. R. Evid. 513(d) contained a "constitutionally required" exception, and military trial judges routinely ordered disclosure of privileged psychotherapist communications. *See D.B. v. Lippert,* 2016 CCA LEXIS 63, 14-15 (A. Ct. Crim. App. 2016); and Major Michael Zimmerman, *Rudderless: 15 Years and Still Little Direction on Boundaries of Military Rule of Evidence 513,* 223 Mil. L. Rev. 312, 315-29 (2015).  In NDAA 2015 and Executive Order 13696, Congress and the President eliminated the "constitutionally required" exception.

## PROCEDURAL POSTURE OF THE CASE

13. Plaintiff E.V. has the privilege to refuse to disclose and to prevent any other person from disclosing her confidential communications with her psychotherapist.  Mil. R. Evid. 513.

- 3 -

14. Defendant Robinson unlawfully ordered production of E.V.'s privileged communications for an *in camera* review.  See January 13, 2016 Order attached as Exhibit A.

15. Defendant Robinson unlawfully conducted an *in camera* review of E.V.'s privileged communications.  See January 27, 2016 Qualified Protective Order attached as Exhibit B.

16. Defendant Robinson unlawfully ordered disclosure of E.V.'s privileged communications. See Exhibit B and February 19, 2016 Supplemental Ruling attached as Exhibit C.

17. E.V. filed a petition for extraordinary relief with the Navy-Marine Corps Court of Criminal Appeals ("NMCCA").

18. The NMCCA summarily affirmed Defendant Robinson's unlawful order disclosing E.V.'s privileged communications.  *See* February 25, 2016 NMCCA Order attached as Exhibit D.

19. E.V. filed a petition for extraordinary relief with the CAAF.

20. The CAAF denied E.V. relief on the ground that it does not have jurisdiction.  See June 22, 2016 CAAF Order attached as Exhibit E.

21. As a result of the CAAF's denial of relief, E.V. has exhausted her ability to obtain relief through the military justice system.

22. Disclosure of E.V.'s privileged communications to the parties in the court-martial has not yet occurred, and the privileged communications remain in Defendant Robinson's possession.

## FACTS COMMON TO ALL COUNTS

23. Plaintiff E.V. accompanied her husband, a staff sergeant in the United States Air Force, to Kadena in August 2013 and lived in Kadena's family housing.

24. Prior to arriving at Kadena, E.V. looked forward to moving to, living in and working in Japan.

25. Upon arriving at Kadena, E.V. immersed herself in the on-base and off-base communities and relished the culture and natural beauty of Japan. She hoped to extend her stay in Japan for as long as possible.

26. On January 1, 2015, E.V. was sexually assault by the Accused.

27. After the sexual assault, E.V. sought psychotherapy counseling at the Kadena Health Clinic ("Health Clinic") from January 6, 2015 until March 26, 2015.

28. On February 12, 2015, E.V.'s husband requested a compassionate reassignment from Kadena to Travis Air Force Base in California so that E.V. would be removed from having to live in close proximity to the Accused and his friends, and so that E.V. would have support from family.

29. On February 17, 2015, E.V.'s husband's commanding officer recommended approval of a compassionate reassignment for E.V.'s family.

30. On February 20, 2015, E.V. was admitted to the U.S. Naval Hospital Okinawa ("Naval Hospital") for suicidal ideations.

31. On February 23, 2015, E.V. was discharged from the Naval Hospital.

32. On February 23, 2015, E.V.'s husband substantiated his request for a compassionate reassignment with E.V.'s Patient Discharge Summary prepared by the Naval Hospital upon E.V.'s discharge from the Naval Hospital.

33. The Discharge Summary was not prepared by E.V.'s psychotherapist.

34. E.V.'s husband's request for compassionate reassignment was approved on March 11, 2015, and E.V. and her husband returned to the United States.

35. After her return to the United States, E.V. continued psychotherapy counseling at Peak Counseling Group in Sacramento, California.

## COUNT I
## UNLAWFUL *IN CAMERA* REVIEW OF PRIVILEGED COMMUNICATIONS
## IN VIOLATION OF MIL. R. EVID. 513(e)(3)

36. The preceding paragraphs are hereby incorporated in full by reference.

37. On January 13, 2016, Defendant Robinson ordered production of all of E.V.'s privileged communications for an *in camera* review.  Exhibit A.

38. Mil. R. Evid. 513(e)(3) prohibits any *in camera* review unless the military judge finds by a preponderance of the evidence that: (a) a specific factual basis demonstrating a reasonable likelihood the records or communications would yield evidence that is admissible under an exception to the privilege; and (b) that the information sought meets one of the enumerated exceptions under Mil. R. Evid. 513(d).

39. Defendant Robinson's Order violated Mil. R. Evid. 513(e)(3) and NDAA 2015, Executive Order 13696.  Specifically, Defendant Robinson did not find any reasonable likelihood that the records sought met any enumerated exception under Mil. R. Evid. 513(d).

40. Although Defendant Robinson recites on page 4 of his Order that the moving party "has shown a reasonable likelihood that the requested information would yield admissible information under an exception to Mil. R. Evid. 513," neither Defendant Robinson in his Order nor the moving party in his briefs and argument mentions any specific enumerated exception. Specifically, Defendant Robinson does not mention any form of the word "constitution" in the January 13 Order, and no one — not Defendant Robinson, not the Accused, and not the military prosecutor — ever mentions either "crime" or "fraud" in any motion, brief, argument, or Order. Defendant Robinson does not mention any basis for applying any exception under Mil. R. Evid. 513(d), and thus he unlawfully ordered an *in camera* review in violation of Mil. R. Evid. 513(e)(3).

41. Defendant Robinson applied an incorrect standard for an *in camera* review.  Defendant Robinson states, "At this stage the defense need only show a reasonable likelihood that the records contain evidence that is **relevant and material** and that the **balancing test is satisfied**." January 13 Order at 4 (emphasis added).  Relevance and materiality are not relevant or material to any of the seven enumerated exceptions in Mil. R. Evid. 513(d), and a balancing test is not a part of any of the seven exceptions.

42. Defendant Robinson states, "The court will review the file for material that meets a standard [sic] under Mil. R. Evid. 513, **with particular emphasis on bias/motive to fabricate.**" Id. at 5 (emphasis added).  There is no "bias/motive to fabricate" exception under Mil. R. Evid. 513(d).

43. Defendant Robinson states that he has taken judicial notice of the information contained in the Diagnostic and Statistics Manual 5 ("DSM V").  He states that the DSM V provides that the diagnosis of adjustment disorder can "cause doubts about one's ability to accurately perceive and recall events." *Id.* at 4.

44. There is no factual basis or evidence to conclude the DSM V says adjustment disorder can cause doubts about one's ability to accurately perceive and recall events because the DSM V's Adjustment Disorder Diagnostic Criteria does not include any effect on perception or recall.[1]

---

[1] The Adjustment Disorder Diagnostic Criteria in the DSM-V are:

A. The development of emotion or behavioral symptoms in response to an identifiable stressor(s) occurring within 3 months of the onset of the stressor(s).

B. These symptoms or behaviors are clinically significant, as evidenced by one or both of the following: 1. Marked distress that is out of proportion to the severity or intensity of the stressor, taking into account the external context and the cultural factors that might influence symptom severity and presentation. 2 Significant impairment in social occupational or other important areas of functioning.

C. The stress related disturbance does not meet the criteria for another mental disorder and is not merely an exacerbation of a preexisting mental disorder.

D. The symptoms to not represent normal bereavement.

E. Once the stressor or its consequences have terminated, the symptoms do not persist for more than an additional 6 months.

See DSM-V, at 286-287.

45. Even assuming arguendo that the DSM V states that adjustment disorder affected the ability to perceive and recall events, there is no "ability to perceive and recall events" exception under Mil. R. Evid. 513(d).

46. Defendant Robinson states in his January 13 Order that the "credibility of any witness is always material." See Exhibit A at 4. There is no "credibility of any witness" exception under Mil. R. Evid. 513(d). In fact, if attacking the credibility of any witness were a sufficient basis to pierce the psychotherapist privilege, then there would never be any privilege.

47. Although the words "crime" or "fraud" are never mentioned in the January 13 Order or in any motion, brief or oral arguments preceding the Order, in his February 19, 2016 Supplemental Ruling, Exhibit C, Defendant Robinson made an *ex post facto* attempt to justify his decisions in the January 13 Order to conduct *in camera* review and in the January 27 Qualified Protective Order to order disclosure by applying *sua sponte* the "crime/fraud" exception under Mil. R. Evid. 513(d) (5).

48. Mil. R. Evid. 513(d)(5) provides that there is no privilege "if the communication clearly contemplated the future commission of a fraud or crime or if the services of the psychotherapist are sought or obtained to enable or aid anyone to commit or plan to commit what the patient knew or reasonably should have known to be a crime or fraud."

49. There was no evidence presented before or after Defendant Robinson conducted the *in camera* review that E.V. contemplated the future commission of a fraud or crime. The Supplemental Ruling states only that "the timing of the report and treatment show [E.V.'s] **tactical use (i.e. fraud)** of the process to obtain **material gain.** As such, the defense contends it is reasonable to expect that these records contain additional evidence of a **bias or motive to fabricate and exaggerate her claims**." Exhibit C at 3 (emphasis added).

50. There was no evidence of any "material gain." E.V. did not receive any compensation from any military source. Prior to the sexual assault, E.V. loved living in Japan and wanted to stay in Japan. There was no evidence that E.V. was unhappy in Kadena or wanted to leave Japan. Leaving Japan to avoid living in the home where she was assaulted and living in close proximity to the Accused and his friends is not a "material gain." Leaving Japan to get the support of family is not a "material gain." Leaving Japan was a loss of E.V.'s dreams and desires to remain in Japan.

51. Humanitarian reassignments are made for a variety of reasons, and reassignment after a sexual assault is not uncommon or improper. E.V.'s family's reassignment was in accordance with Air Force regulations, and was supported by truthful facts. Defendant Robinson's conclusion that leaving Japan is a "material gain" is unsupported by any fact.

52. As a matter of logic and law, "tactical use" of a document does not equate to "fraud." Attorneys and judges better than any other professionals know the gulf between tactical use of a document and fraud because attorneys' tactical use of documents is an everyday occurrence. Truthful documents can be released or withheld without violation of any law or ethics. Only submission of a false document can ever amount to a fraud. There is no evidence that any statement or document made by E.V. is false.

53. Defendant Robinson's *sua sponte* use of the crime fraud exception is the epitome of victim blaming, shaming and intimidation.

54. Defendant Robinson had already conducted his *in camera* review at the time he issued his Supplemental Ruling. Despite having actually seen and reviewed the privileged communications, he does not identify a single communication that could meet the evidentiary requirements for applying the crime/fraud exception. The most Defendant Robinson can say in

his Supplemental Ruling is that the timing of the events (not anything within the privileged records) "calls into question [E.V.'s] bias/motive to fabricate." Exhibit C, at 3.

55. Defendant Robinson, despite having reviewed the privileged communications, did not and could not find that any evidence in any privileged communication that E.V. made any false statement. Therefore, there is no reasonable probability that any crime or fraud was committed.

56. In the Analysis portion of the Supplemental Order, Defendant Robinson is acutely aware that the "crime/fraud" exception under Mil. R. Evid. 513(d)(5) cannot be applied in isolation because he repeatedly ties his analysis of the "crime/fraud" exception to the now deleted "constitutionally required" exception. (See the last sentence of the first, second and third paragraphs on page 4 of the Supplemental Ruling). In the Conclusions of Law portion of the Supplemental Ruling, Defendant Robinson does not even mention or cite to the "crime/fraud" exception – he only states that disclosure of E.V.'s privileged records are "constitutionally required." See paragraphs 5 and 6 on page 5 of the Supplemental Ruling.

57. There was no evidentiary basis for Defendant Robinson to conclude that an *in camera* review of E.V.'s privileged communications with her psychotherapist should have been conducted, and his *in camera* review was unlawful under Mil. R. Evid. 513(e)(3).

**COUNT II**
**UNLAWFUL DISCLOSURE OF PRIVILEGED COMMUNICATIONS**
**IN VIOLATION OF MIL. R. EVID. 513(e)(4)**

58. The preceding paragraphs are hereby incorporated in full by reference.

59. Mil. R. Evid. 513(e)(4) states, "Any **production or disclosure** permitted by the military judge under this rule **must be narrowly tailored** to only the **specific records or communications**, or portions of such records or communications, that **meet the requirements for one of the enumerated exceptions to the privilege under subsection (d) of this Rule and**

**are included in the stated purpose for which the records or communications are sought under subsection (e)(1)(A) of this Rule."** Mil. R. Evid. 513(e)(4) (emphasis added).

60. Defendant Robinson unlawfully ordered disclosure of communications that could not possibly have been made in contemplation of the "future commission of a fraud or a crime," and his order was not narrowly tailored to permit disclosure of only the specific communications that meet the requirements of an exception under Mil. R. Evid. 513(d).

61. Specifically, Defendant Robinson ordered disclosure not only of the Patient Discharge Summary submitted by her husband to obtain a compassionate reassignment, but also of E.V.'s privileged communications with her psychotherapists made after the compassionate reassignment had been approved.

62. Communications made **after** any alleged "crime" or fraud" has been completed cannot possibly be a communication that "clearly contemplated the **future** commission of a crime or fraud."

63. None of the communications made to therapists at the Peak Counseling Group after E.V. returned to the United States could have possibly been made in contemplation of a future fraud committed before she left.  Yet, Defendant Robinson ordered the release of four of 43 pages of Peak Counseling Group records.

64. None of the communications made to therapists at the Kadena Health Clinic during the period January 6, 2015 to March 26, 2015 could have been made in contemplation of a fraud (even though some of these communications were made before the alleged fraud) because none of these communications were used by E.V.'s husband to obtain a compassionate reassignment. Yet Defendant Robinson ordered the release of nine of 37 pages of Kadena Health Clinic records.

65.   The only record used to obtain the compassionate reassignment was the two-page Patient Discharge Summary that E.V. was provided upon her discharge from the Naval Hospital. These two pages (attached as Exhibit F) are perfectly consistent with all other statements made by E.V..  There is no reasonable likelihood to believe that E.V.'s communications with the doctors at the Naval Hospital were false.  The communications are perfectly consistent with what she previously told investigators.  The mere assertion of falsity by the Accused is insufficient to establish a reasonable likelihood that E.V. committed fraud.

66. Defendant Robinson clearly and unlawfully failed to narrowly tailor his disclosure order to only the specific records that meet the requirements of the crime/fraud exception.

## COUNT III
## UNLAWFUL DISCLOSURE OF PRIVILEGED COMMUNICATIONS
## IN VIOLATION OF ARTICLE 6b

67. The preceding paragraphs are hereby incorporated in full by reference.

68. Article 6b of the Uniform Code of Military Justice, 10 U.S.C. § 806b(a)(8), states that a victim has the right to be treated with fairness and with respect for her dignity and privacy.

69. By releasing E.V.'s psychotherapy records without authority, Defendant Robinson unlawfully treated E.V. unfairly and has not respected her dignity or privacy.

## COUNT IV
## UNLAWFUL SEARCH AND SEIZURE OF EVERY VICTIM'S PRIVILEGED AND
## CONFIDENTIAL PSYCHOTHERAPY RECORDS
## IN VIOLATION OF THE FOURTH AMENDMENT OF THE CONSTITUTION

70. The preceding paragraphs are hereby incorporated in full by reference.

71. The Fourth Amendment of the United States Constitution states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . . ."

122181-0001/LEGAL131735719.1

72. Defendant Robinson, acting on behalf of the United States government, violated E.V.'s right under the Fourth Amendment of the Constitution to be secure in her person, house, papers, and effects, against unreasonable searches and seizures by the government.

## COUNT V
## UNLAWFUL USURPATION OF POWER BY DECLARING THE ACTS OF CONGRESS AND RULES OF THE PRESIDENT UNCONSTITUTIONAL IN VIOLATION OF ARTICLE III OF THE CONSTITUTION

73. The preceding paragraphs are hereby incorporated in full by reference.

74. Article III of the Constitution states, "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

75. Defendant Robinson declared that disclosure of E.V.'s psychotherapy records was "constitutionally required."

76. As discussed above, in Exec. Order 13696 the President promulgated changes to Mil. R. Evid. 513 that eliminated the "constitutionally required" exception.  These changes were mandated by Congress in NDAA 2015.

77. Defendant Robinson, as a military judge presiding over a court-martial, is not the Supreme Court or an inferior court ordained and established by Congress.  He is an Article I judge without any judicial power to declare laws of Congress and rules promulgated by the President unconstitutional.

78. By reinserting the "constitutionally required" exception into Mil. R. Evid. 513, Defendant Robinson implicitly declared NDAA 2015 and Exec. Order 136696 unconstitutional.  He unlawfully usurped power that the Constitution explicitly reserves for Article III courts.

## PRAYER FOR RELIEF

122181-0001/LEGAL131735719 1

**WHEREFORE**, E.V. requests this Court to:

(1) Issue a temporary restraining order against Defendant Robinson to prohibit him from disclosing Plaintiff E.V.'s privileged communications until this Court is able to consider and rule upon E.V.'s request for an injunction;

(2) Issue an injunction prohibiting Defendant Robinson from disclosing Plaintiff E.V.'s privileged communications and ordering Defendant Robinson to destroy or return to E.V. all privileged communications within his possession; and

(3) Awarding such other relief as the Court may deem just and proper.

122181-0001/LEGAL131735719.1

July 6, 2016

Respectfully submitted,

**PERKINS COIE LLP**

By: _____

    Donald J. Friedman, Bar No. 413701
    DFriedman@perkinscoie.com
    Mary Rose Hughes, Bar No. 388656
    MHughes@perkinscoie.com
    700 Thirteenth Street, N.W., Suite 600
    Washington, D.C.  20005-3960
    Telephone:  202.654.6200
    Facsimile:  202.654.6211

Attorneys for Plaintiff E.V.


By: _____

    Peter Coote (to be admitted *pro hac vice*)
    pcoote@pennoni.com
    Pennoni Associates Inc.
    One Drexel Plaza, 3001 Market Street
    Philadelphia, PA  19104
    Telephone:  215-254-7857

122181-0001/LEGAL131735719.1